Labatjve, J.
The plaintiff alleges, in substance, that the defendant is indebted to him in the sana of $3,200, with interest; that in the year 1862, petitioner moved, temporarily, to Texas, as a place of refuge during the late war; that when he left his home in the parish of Carroll, he left houses upon his place, and a large amount of cotton; that during his absence from home all his cotton was taken by unauthorized persons, who appropriated it to their own use; that said James Bell took sixteen bales, pretending to have purchased it, and sold the same and used the pro*' ceeds thereof; that petitioner authorized no one to sell said cotton.
The petition concludes by praying accordingly.
The defendant pleaded the general issue.
*216 The Court below, gave judgment in favor of defendant, and the plaintiff appealed.
N. A. Bacon, a son-in-law of plaintiff, testified “ that he acted as agent for plaintiff during his absence, and as such, sold some cotton and lumber; that Mr. Mangum told him to do with ilia cotton and lumber just as he would do with his own, or if it was his own. This authority was given wmiess in 18(33, previous to the sale of said cotton; he sold other cotton and lumber of Mr. Mangum’s, besides this; he sent word to Mr. Man-gum, whenever he would sell any property; he never heard of any objection on the part of Mangum, to the sale of the cotton, until this suit was brought; he further states, on cross-examination, that he knows that plaintiff received some of his letters, in which he informed him that he had sold the cotton; that plaintiff stayed at witness’ house several weeks, on his return from Texas, and during that time, he never objected to the sale of the cotton; this was after the sale of the cotton, which was delivered to Bell, on the 16th January, 1864; he further states that he was agent to dispose of the effects left on the place."
This suit was only brought on the 3d September, 1866.
It appears to us, from the declaration of the plaintiff, that he moved to Texas, as a place of refuge during the war, his silence after being informed of the sale, and his return from Texas, and all the circumstances of the case, that he had intended to authorize his son-in-law to do with his cotton what he might do himself; besides we are satisfied that his conduct, and his tardy suit amount to a ratification of the sale, and that this action is an after-thought.
It is therefore ordered, and decreed, that the judgment appealed-from, be affirmed, with costs.